## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Theresa Stuart, individually and on behalf of all similarly situated persons, | ) ) ) ) | Case File No.: |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **JURY TRIAL DEMANDED** |
| East Lake Hardware Company LLC, Barnesville Hardware Company, LLC, and Michael D. Cox | ) ) ) ) | |
| Defendants. | ) ) | |

## COLLECTIVE ACTION COMPLAINT

Theresa Stuart ("Plaintiff") brings this collective action for unpaid wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), on behalf of herself and all current or former non-exempt employees employed by Defendants, East Lake Hardware Company LLC ("EL Hardware"), Barnesville Hardware Company, LLC ("Barnesville Hardware"), and Michael D. Cox ("Cox").

## <u>NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS</u>

1.

This is a collective action for unpaid wages under the FLSA. Plaintiff brings the action on behalf of herself and other current and former non-exempt hourly employees whom Defendants failed to pay wages to her and similarly situated hourly employees for time worked within the three years prior to the filing of this complaint. This group of individuals includes Plaintiff and all non-exempt employees of the Defendants similarly situated and is referred to throughout as the "FLSA Employees."

2.

Plaintiff alleges that Defendants applied policies and practices to her and her fellow FLSA Employees to which Defendants: (a) encouraged and/or knowingly permitted her and the FLSA Employees to work or "count the till" before and after shifts without compensation; (b) intentionally failed to pay the regular rate of pay for the time she and the FLSA Employees worked while "counting the till," and (c) illegally docked the FLSA Employees' paychecks to reduce their regular wage below the federal minimum wage. This is a violation of the Fair Labor Standards Act, 29 U.S.C.A. § 201 ("FLSA").

3.

Plaintiff and other similarly situated persons who opt into this action pursuant to 29 U.S.C. § 216(b) (the "Collective Action") is entitled to recover: (i) unpaid wages, (ii) liquidated damages, and (iii) their attorneys' fees and costs.

## JURISDICTION AND VENUE

4.

Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over the FLSA claims asserted in this Complaint.

5.

The Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia, where Defendant's Principal Office Address is located, 1750 Highway 81 East, McDonough, GA, 30252, and where Defendant employed Plaintiff and the FLSA Employees.

## PARTIES

6.

Plaintiff is a U.S. citizen and Georgia resident; she submits herself to the jurisdiction of this Court. Plaintiff's Consent to Join is attached hereto as Exhibit A.

7.

Defendants employed Plaintiff from approximately June 2021 to May 2022. Her last position was Cashier. Her last hourly rate was $10.50 per hour.

8.

Plaintiff was Defendants' "employee" within the meaning of the FLSA at all times relevant to this Complaint.

9.

Defendant EL Hardware is a Georgia limited liability company with its principal office located at 1750 Highway 81 East, McDonough, GA, 30252. Defendant EL Hardware regularly does business in the State of Georgia and may be served through its registered agent, Michael D. Cox at 110 Witman Way, Macon, GA, 31210. At all times material hereto, Defendant EL Hardware was an "employer" of Plaintiff for purposes of the FLSA. Defendant EL Hardware is a joint employer with Defendant Barnesville Hardware and Defendant Cox.

10.

Defendant Barnesville Hardware is a Georgia limited liability company with its principal office located at 916 Veterans Parkway, Barnesville, GA 30204. Defendant Barnesville Hardware regularly does business in the State of Georgia and may be served through its registered agent, Michael D. Cox at 110 Witman Way,

Macon, GA, 31210. At all times material hereto, Defendant Barnesville Hardware was an "employer" of Plaintiff for purposes of the FLSA. Defendant Barnesville Hardware is a joint employer with Defendant EL Hardware and Defendant Cox.

11.

Michael D. Cox is the owner of Barnesville Hardware and EL Hardware. Michael D. Cox, Barnesville Hardware, and EL Hardware jointly employed Plaintiff and the FLSA Employees. Therefore, Michael D. Cox, Barnesville Hardware, and EL Hardware are joint employers.

12.

Defendant Michael D. Cox is a Georgia resident. At all times material hereto, Michael D. Cox exercised control over significant aspects of the operations of Barnesville Hardware and EL Hardware, including employee compensation, and Michael D. Cox personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Michael D. Cox was an "employer" of Plaintiff for purposes of the FLSA, and Michael D. Cox is jointly and severally liable for the failure to pay Plaintiff and FLSA Employees as required. Defendants maintained either actual or constructive control, oversight, and direction of the employees, including employment, pay, and other practices.

13.

At all times material to this action, Michael D. Cox and Hardware Store were Plaintiff and FLSA Employee's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Plaintiff, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Plaintiff, and/or because the individual Defendants shared control of Plaintiff and FLSA Employee's employment, and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

14.

Michael D. Cox may be served with process at 110 Witman Way, Macon, GA, 31210.

15.

At all times hereto, Plaintiff and FLSA Employee handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce, and they were thus engaged in interstate commerce during their employment with the Defendants.

16.

At all times material hereto, Defendant had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Thus, Defendant was an enterprise engaged in commerce or the production of goods for commerce for purposes of the FLSA.

17.

At all relevant times, Defendant has been and continues to be, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

18.

Upon information and belief, Defendant had gross annual revenues in excess of $500,000.00 at all relevant times.

19.

Defendant was the employer of Plaintiff and FLSA Employees within the meaning of the FLSA at all relevant times.

20.

Defendant is governed by, and subject to, 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

21.

Plaintiff brings this action on behalf of herself and all other similarly situated employees, pursuant to 29 U.S.C. § 216(b), and seeks to represent the following group of similarly situated persons:

> All persons who were, or are, employed by Defendant as non-exempt employees at any time within the period beginning three (3) years prior to filing this action (the "relevant time period"), and for whom Defendant did not pay the regular rate of pay for the time she and the FLSA Employees worked while "counting the till."

22.

Plaintiff and other FLSA Employees were not paid wages for all hours worked, including all time worked while "counting the till."

23.

Plaintiff and the other FLSA Employees did not, and do not, meet the criteria for any recognized exemption to the FLSA's wage requirements.

24.

The FLSA Employees are so numerous that individual joinder of all members is impracticable and would not further the intent of 29 U.S.C. § 216(b). The precise number of persons within the FLSA Employees is unknown, and the information permitting a determination of the number of FLSA Employees lies within the sole

possession of Defendants. However, upon information and belief, most of the FLSA Employees would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

25.

Plaintiff will fairly and adequately protect the interests of the FLSA Employees and has retained counsel experienced and competent in wage-and-hour law and collective-action litigation.

26.

Questions of law and fact common to the FLSA Employees predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members of the FLSA Collective through its policies and practices regarding clock-in and out procedures.

27.

Members of the FLSA Employees are similarly situated under the FLSA because, *inter alia*:

    a. Defendants applied a policy and practice common to the FLSA Employees, pursuant to which the Defendant made the Plaintiff and FLSA Employees work off the clock;

b. Defendants required, encouraged, and/or knowingly permitted members of the FLSA Employees to work off the clock;

c. FLSA Employees worked off the clock 15 minutes before and after work daily within the relevant time period;

d. Defendants applied a policy and practice common to the FSLA Collective and failed to pay FLSA Employees for time worked.

## ADDITIONAL FACTUAL ALLEGATIONS

28.

Defendants provide services to customers in the Southeastern United States, including, *inter alia*, hardware, home improvement, lawn and garden, and tool needs.

29.

As a cashier, Plaintiff and other FLSA Employees performed various tasks for Defendants, including, but not limited to, running the register, customer service, cleaning, and stocking around the registers.

30.

Plaintiff estimates that she consistently worked approximately fifteen (15) minutes before and after each of her shifts from June 19, 2021, to July 27, 2021,

twelve (12) hours of unpaid time. Om information and belief, other FLSA Employees worked similar hours or more during the relevant time period.

31.

On information and belief, Defendants possess records of the time worked by Plaintiff and other FLSA Employees.

32.

Defendants knew or should have known that Plaintiff and other FLSA Employees worked fifteen (15) minutes before and after each shift during the relevant time period. Indeed, the Defendants had actual knowledge of the time worked as the policy was changed on or about July of 2021.

33.

Defendants required, encouraged, and knowingly permitted Plaintiff and other FLSA Employees to work off the clock, and failed to pay Plaintiff and other FLSA Employees required pay when "counting the till."

34.

Defendant's failure to pay Plaintiff and other FLSA Employees for time worked was pursuant to a policy and practice Defendants intentionally applied to Plaintiff and other FLSA Employees.

35.

By their actions alleged herein, Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA by failing to properly pay compensation to Plaintiff and other FLSA Employees in accordance with § 203 of the FLSA provisions and corresponding federal regulations.

36.

Defendants' FLSA violations were willful and not in good faith.

**COUNT I**
**(Individual FLSA Claims Asserted by Plaintiff)**
**<u>Willful Failure to Pay Wages in Violation of the FLSA</u>**

37.

Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff for time worked.

38.

At all relevant times, Defendants were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

39.

At all relevant times, Defendants were an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

40.

At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41.

On information and belief, Defendants have had gross annual revenues in excess of $500,000 at all times relevant to this Complaint.

42.

Throughout the relevant time period, Defendants did not pay Plaintiff for all time worked.

43.

Plaintiff estimates that she worked approximately fifteen minutes before and after her shifts, "counting the till" during the relevant time period.

44.

As a result of Defendant's willful failure to compensate Plaintiff and Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive wages in accordance with § 203 of the FLSA.

45.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

{Doc: 03146044.DOCX}                    13

46.

Defendants did not make a good-faith effort to comply with the FLSA with respect to its compensation to Plaintiff.

47.

Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants (a) her unpaid wages for all of the time that she worked during the relevant time period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs pursuant to 29 U.S.C.A. § 216(b).

48.

Plaintiff estimates that she worked approximately twelve (12) hours of total unpaid time between June 19, 2021, and July 27, 2021.

49.

Plaintiff was paid at the rate of $10.00 per hour during this time and is entitled to unpaid wages of $120.00 and an equal amount as liquidated damages, as well as reasonable attorneys' fees and costs.

50.

A demand letter for the same, along with other improper deductions and attorneys fees, was sent on or about June 21, 2022. Defendants refused to pay Plaintiff for her unpaid time, necessitating this suit.

## COUNT II
## (Collective FLSA Claims)
## Willful Failure to Pay Wage for Time Worked in Violation of the FLSA

51.

Plaintiff seeks to represent the following collective group of non-exempt employees whom Defendants failed to pay unpaid wages due:

> All persons who were, or are, employed by Defendants as non-exempt employees at any time within the period beginning three (3) years prior to filing this action (the "relevant time period"), and whom Defendants did not pay for time worked.

52.

At all relevant times, Defendants were the "employer" of Plaintiff and the other FLSA Employees, as that term is defined by 29 U.S.C. § 203(d).

53.

On information and belief, Defendants have had gross annual revenues in excess of $500,000 at all times relevant to this Complaint.

54.

Defendants are governed by and subject to 29 U.S.C. § 207.

{Doc: 03146044.DOCX}               15

55.

The wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the other members of the FLSA Employees

56.

The FLSA requires employers, such as Defendants, to compensate employees, such as Plaintiff and the other members of the FLSA Employees, for time worked.

57.

Defendants required Plaintiff and other members of the FLSA Employees to work off the clock before and after their shifts.

58.

As a systemic practice, Defendants failed to pay Plaintiff and the other members of the FLSA Employees for time worked.

59.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60.

Defendants did not make a good-faith effort to comply with the FLSA regarding its compensation of Plaintiff and the other FLSA Employees.

61.

Defendants are liable to Plaintiff and the other FLSA Employees for (a) all unpaid wages during the relevant time period; (b) an additional and equal amount of liquidated damages for Defendants' violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs.

## COUNT III
### (Individual FLSA Claims Asserted by Plaintiff)
### Willful Failure to Pay Wages in Violation of the FLSA – Improper deductions

62.

Defendants terminated Plaintiff on or about May 23, 2022.

63.

Defendants illegally made deductions from Plaintiff's final paycheck.

64.

Plaintiff worked a total of 34.86 hours, which should have amounted to $366.03. Plaintiff was taxed on this full amount, totaling $68.00.

65.

However, Plaintiff was paid only $61.79.

66.

After accounting for taxes, Plaintiff was shorted $236.24.

67.

Defendants claimed these deductions were for merchandise that was given to Plaintiff by the store manager, merchandise that Plaintiff's son purchased using store coupons, and from a store account that was not paid.

68.

These allegations were not accurate.

69.

Moreover, Plaintiff never agreed to the deductions nor was there a store policy in place that allowed for such deductions.

70.

Nothing in the FLSA allows for such deductions.

71.

Plaintiff is entitled to $236.24 in unpaid wages and $236.24 in liquidated damages, as well as reasonable attorneys' fees and costs.

72.

A demand letter for the same, along with other improper deductions and attorneys' fees, was sent on or about June 21, 2022. Defendants refused to pay Plaintiff for her unpaid time, necessitating this suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all other members of the FLSA Employees who join this action demand a **TRIAL BY JURY** and request the entry of a judgment granting the following relief:

      a.  Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated persons employed by Defendants during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

      b.  A declaratory judgment that Defendants' practices complained of herein violated the FLSA;

      c.  Application of the FLSA's three-year statute of limitations;

      d.  An award of unpaid overtime compensation due under the FLSA to Plaintiff and the other FLSA Employees;

      e.  An award of liquidated damages as a result of Defendants' failure to pay overtime wages to Plaintiff and the other FLSA Employees;

      f.  An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action, together with

reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 16th day of September, 2022.


/s/ Grant E. McBride
Grant E. McBride
Georgia Bar No. 109812
Attorney for Plaintiff

**SMITH WELCH WEBB & WHITE, LLC**
Post Office Box 10
2200 Keys Ferry Court
McDonough, GA  30253
(770) 957-3937 phone
(770) 957-9165 facsimile
gmcbride@smithwelchlaw.com


{Doc: 03146044.DOCX}                    20

## **CERTIFICATION**

The undersigned certifies that this notice has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

This 16th day of September, 2022.

/s/ Grant E. McBride
Grant E. McBride
Georgia Bar No. 109812
gmcbride@smithwelchlaw.com
Attorney for Plaintiff

SMITH, WELCH, WEBB & WHITE, LLC
2200 Keys Ferry Court
P.O. Box 10
McDonough, GA 30253
Telephone: (770) 957-3937
Facsimile (678) 583-4888

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Theresa Stuart, individually and on behalf of all similarly-situated persons, | ) ) ) | |
| | ) | Case File No.: |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| East Lake Hardware Company LLC, Barnesville Hardware Company, LLC, and Michael D. Cox | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>CONSENT TO JOIN</u>

By my signature below, I hereby consent, pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), to become a Party Plaintiff in the above-captioned FLSA action and authorize the filing and prosecution of claims in my name and on behalf to contest the failure of Defendants East Lake Hardware Company LLC, Barnesville Hardware Company, and Michael D. Cox to pay me all wages required by the FLSA.

I designate Grant E. McBride, of Smith, Welch, Webb & White, LLC, to represent me in this suit.

_____          _____
Theresa Stuart                                            9- 14 - 2022
                                                                   Date